UNITED STATES DISTRICT COURT                                        JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    **SA CV 14-652-JFW**                                    Date:  August 20, 2014

Title:      In Re: Mary Margaret Cunningham
            Reynaldo Marques, et al. *-v-* JP Morgan Chase Bank, et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   **Shannon Reilly**                          **None Present**
   **Courtroom Deputy**                        **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**
             None                                        None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DISMISSING APPEAL**

   Appellant filed her bankruptcy appeal on April 24, 2014.  The Court established a briefing schedule whereby Appellant's opening brief was due on June 26, 2014, which was continued until August 11, 2014 after Appellant requested an extension of time.  Appellant has failed to file an opening brief.

   Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action where plaintiff has failed to comply with the Federal Rules of Civil Procedure or any order of the court. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992).  This power derives from the district court's inherent authority to control its docket.  *Id.*  In determining whether to dismiss an action for failure to prosecute, the district court may consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's needs to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Moneymaker v. CoBen* (*In re Eisen*), 31 F.3d 1447, 1451 (9th Cir.1994) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)); *Thompson v. Housing Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir.1986).

   In the instant case, the Court recognizes the preference for resolving matters on the merits.  Nonetheless, the remaining factors weigh in favor of dismissing the appeal.  The interests expressed in the first two factors are directly contravened by Appellant's failure to file an opening brief.  See *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir.2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir.1999) (recognizing court's need to control its own docket); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992) (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket").

      The next factor, the risk of prejudice to the opposing party, is related to the strength of the Appellant's excuse for the default.  See *Yourish,* 191 F.3d at 991.  In this case, Appellant has offered no "excuse" for her conduct.

      Finally, the Court has considered less drastic alternatives to dismissal.  In the Notice Regarding Appeal From Bankruptcy Court filed on April 24, 2014, the parties were warned that "the failure of either party to comply with the time requirements as stated in this notice and applicable rules may result in the dismissal of the appeal."  "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." *Ferdik*, 963 F.2d at 1262.

      Accordingly,  the instant bankruptcy appeal is **DISMISSED** under Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Clerk shall close the file and terminate any pending matters.

      IT IS SO ORDERED.