JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>CIVIL MINUTES -- GENERAL</u>

Case No.    **SA CV 14-652-JFW**                                                Date:  October 24, 2014

Title:    In Re: Mary Margaret Cunningham
         Reynaldo Marques, et al. *-v-* JP Morgan Chase Bank, et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   **Shannon Reilly**                              **None Present**
   **Courtroom Deputy**                            **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**      **ATTORNEYS PRESENT FOR DEFENDANTS:**
            None                                              None

**PROCEEDINGS (IN CHAMBERS):**      ORDER AFFIRMING BANKRUPTCY COURT'S
                                     DISMISSAL ORDER

     On April 24, 2014, Appellant Mary Margaret Cunningham ("Cunningham") filed an Appeal from the United States Bankruptcy Court's February 3, 2014 Order Dismissing Adversary Proceeding and the Bankruptcy Court's March 10, 2104 Order Denying with Prejudice Plaintiff's Motion for Reconsideration of Ruling/Order Dismissing Complaint Without Leave to Amend.  On August 11, 2104, Cunningham filed her Opening Brief.  On September 5, 2014, Respondents JPMorgan Chase Bank, N.A. ("JPMorgan") and California Reconveyance Company ("California Reconveyance") (collectively referred to as the "JP Morgan Defendants" or the "JPMorgan Respondents") filed their Appellees' Brief.  On September 19, 2014, Cunningham filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's October 27, 2014 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    Factual and Procedural Background**

   **A.    Cunningham's Bankruptcy Case and Adversary Proceeding**

     On May 23, 2013, Cunningham filed a Voluntary Petition pursuant to Chapter 7 of the Bankruptcy Code.  On November 5, 2013, the trustee appointed to administer Cunningham's estate filed a report of no distribution.  On November 12, 2013, the Bankruptcy Court granted Cunningham a discharge.

     On November 14, 2013, Cunningham instituted an Adversary Proceeding by filing a

Complaint against JPMorgan, putative Assignee of FDIC as Receiver for Washington Mutual Bank its assignees and/or successors in interest JPMorgan Subsidiary and California Reconveyance, alleged trustee.  In her Complaint, Cunningham alleged claims for relief for: (1) temporary restraining order and emergency injunctive and declaratory relief; (2) to determine the nature and validity of liens on property; (3) to avoid transfer of liens to JPMorgan Chase Bank pursuant to 11 U.S.C. §544(a)(3)(b)(1); and (4) for declaratory judgment.  Cunningham's primary claim in her Complaint was that JPMorgan and California Reconveyance did not have the authority to enforce the deeds of trust encumbering the property owned by her and located at 2962 Copa De Oro, Los Alamitos, California (the "Property").  The deeds of trust at issue secured two loans that Cunningham had obtained from Washington Mutual Bank ("WAMU"), and each was secured by a deed of trust encumbering the Property: (1) January 19, 2005 – $250,000.00; and (2) September 5, 2007 – $676,000.00.[1]

### B.     The Motion to Dismiss and the Motion for Reconsideration

On December 16, 2013, the JPMorgan Defendants filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012 ("Motion to Dismiss"), in which the JPMorgan Defendants argued that each of the Complaint's four claims failed to state facts sufficient to state a claim for relief.

On January 29, 2014, the Bankruptcy Court heard argument on the JPMorgan Defendants' Motion to Dismiss, and, on February 3, 2014, it entered its Order granting the Motion to Dismiss and dismissing the Complaint without leave to amend.[2]  The Bankruptcy Court dismissed the Complaint on three independent grounds: (1) Cunningham's lack of standing to assert the claims appearing in the Complaint; (2) Cunningham's failure to state a claim for relief; and (3) judicial estoppel based on Cunningham's failure to include the Complaint's claims as assets in her bankruptcy schedules.

On February 3, 2014, Cunningham filed amended Schedules B and D, which for the first time listed her claims against the JPMorgan Defendants.  On that same day, Cunningham also filed a Motion for Reconsideration.  In her Motion for Reconsideration, Cunningham argued that the Bankruptcy Court should not have dismissed her Complaint based on lack of standing and judicial estoppel.  Cunningham did not ask the Bankruptcy Court to reconsider its ruling dismissing her Complaint because it failed to state a claim for relief.  On March 10, 2014, the Bankruptcy Court entered an order denying the Motion for Reconsideration.

---

[1] After WAMU's insolvency in 2008, the Federal Deposit Insurance Corporation ("FDIC") seized WAMU's assets and transferred Cunningham's two loans to JPMorgan pursuant to a Purchase and Assumption Agreement.  Cunningham claimed that JPMorgan failed to record the assignment to it of the deeds of trust securing her loans subsequent to the Purchase and Assumption Agreement and that, therefore, JPMorgan was not authorized to enforce the notes and deeds of trusts securing her loans.

[2] Although the Bankruptcy Court did not enter its Order granting the Motion to Dismiss until February 3, 2014, the Bankruptcy Court announced its ruling on the record during the January 29, 2014 hearing.

**II.    Issues on Appeal**

Cunningham raises the following four issues on appeal:

1.  Did the Bankruptcy Court err in determining that Cunningham did not have standing to prosecute an adversary proceeding against JPMorgan and California Reconveyance because the contingent claim was not disclosed on her bankruptcy petition schedule of assets?

2.  Did the Bankruptcy Court err in determining that the doctrine of judicial estoppel applied as a bar to Cunningham bringing an adversary proceeding against JPMorgan and California Reconveyance because the contingent claim was not disclosed on her bankruptcy schedule of assets?

3.  Did the Bankruptcy Court err in dismissing the Complaint in the adversary proceeding with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)?

4.  Did the Bankruptcy Court err by granting the Motion to Dismiss without leave to amend and denying Cunningham's Motion for Reconsideration.

**III.   Legal Standard**

"The district court's standard of review over a bankruptcy court's decision is identical to the standard used by circuit courts reviewing district court decisions." *In re Boyd*, 243 B.R. 756, 759 (N.D. Cal. 2000) (citing *In re Baroff*, 105 F.3d 439, 441 (9th Cir. 1997)). "Thus, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo." *Id.* (citing *In re Southern Cal. Plastics, Inc.*, 165 F.3d 1243, 1245 (9th Cir. 1999)); see also *In re Gebhart*, 621 F.3d 1206, 1209 (9th Cir. 2010) ("[T]he bankruptcy court's findings of fact are reviewed for clear error, and conclusions of law are reviewed de novo.").

In reviewing a Bankruptcy Court 's decision to grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a district court reviews legal determinations de novo. See, *In re Olshan*, 356 F.3d 1078, 1083 (9th Cir. 2004); *Ta Chong Bank Ltd. v. Hitachi High Techs. Am., Inc.*, 610 F.3d 1063, 1066 (9th Cir. 2010). A district court reviews a Bankruptcy Court's decision to deny: (1) leave to amend; and (2) a motion for reconsideration under an abuse of discretion standard. See, *Leadsinger, Inc. v. VMG Music Pub'g*, 512 F.3d 522, 532 (9th Cir. 2008).

In reviewing the Bankruptcy Court's Orders, the Court accepts as true the factual allegations in the Complaint and construes those allegations in the light most favorable to the nonmoving party. *Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 849–50 (9th Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court will uphold a Bankruptcy Court's decision to dismiss "where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal claim." *Hinds Invs.*, 654 F.3d at 850.

IV. Discussion

    A. **The Bankruptcy Court Properly Dismissed the Complaint Because Cunningham Lacked Standing to Assert the Claims for Relief Asserted in the Complaint.**

        1. **The Claims Alleged in the Complaint Are the Property of the Bankruptcy Estate and Can Only Be Asserted by the Chapter 7 Trustee.**

Because the claims alleged by Cunningham in her Complaint arose from actions taken prior to the date upon which she filed her bankruptcy case, those claims were the property of Cunningham's bankruptcy estate. 11 U.S.C. § 541(a). Pursuant to Section 554(d), those claims remain the property of the estate unless they are abandoned by the trustee under Section 544(a), which did not occur in this case, or, pursuant to Section 554(c), they were scheduled and not administered at the time that the case was closed. *See, e.g., Vreugdenhill v. Navistar Intl Transp. Corp.*, 950 F.2d 524, 526 (8th Cir. 1991).

In this case, Cunningham's bankruptcy case was closed prior to the date that she amended her schedules to include the claims alleged in her Complaint. Thus, that closure did not result in an abandonment of Cunningham's claims under Section 554(c). In addition, because her bankruptcy case is currently open, Cunningham's late scheduling of her claims on February 3, 2014 cannot result in the abandonment of those claims to her. Absent an order from the Bankruptcy Court authorizing Cunningham to pursue the claims asserted in her Complaint, she lacks standing to assert those claims because they are, and always have been, property of her Chapter 7 bankruptcy estate. *Cassano v. Klein*, 264 F.3d 936, 945-946 (9th Cir. 2001).

        2. **Cunningham Lacks Standing to Enforce the Chapter 7 Trustee's Avoidance Powers as to Her Own Voluntary Transfers.**

Cunningham also lacks standing to assert the trustee's Section 544(a)(3) avoidance powers under Bankruptcy Code Section 522(h). Section 522(h) only permits a debtor to assert the trustee's avoidance powers "to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer." Thus, a debtor cannot succeed to the trustee's avoidance powers and exempt property that has been recovered by the trustee when the transfer sought to be avoided was voluntarily entered into by the debtor. *See* 11 U.S.C. §§ 522(h) and 522(g)(1)(A).

In this case, Cunningham voluntarily executed the deeds of trust thereby granting an interest in her Property to WaMu as security for the funds that she borrowed. Because those transfers were voluntary transfers by Cunningham, as the debtor, she is not now entitled to exempt the transferred Property under 11 U.S.C. § 522(g)(1), even if the transfers were otherwise avoidable. Therefore, Cunningham lacks standing to assert the trustee's avoidance powers under 11 U.S.C. § 522(h) as to the deeds of trust.

> **3. Cunningham Lacks Standing to Challenge the Transfer of Her Deeds of Trust from the FDIC to JPMorgan.**

Cunningham cannot avoid JPMorgan's interest in her Property by "stepping into the shoes" of the Chapter 7 Trustee under Section 522(h) and exercising the trustee's avoidance powers pursuant to Section 544(a)(3) because, as discussed above, Section 544(a)(3) only allows the trustee to avoid transfers of the debtor's interest in property.  11 U.S.C. § 522(h).

In this case, the transfer of Cunningham's deeds of trust by the FDIC to JPMorgan was not a transfer of Cunningham's interest in her Property.  Instead, it was a transfer of WaMu's beneficial interest in the deeds of trust that is not subject to avoidance under Section 522(h).

Accordingly, the Bankruptcy Court properly dismissed the Complaint due to Cunningham's lack of standing.

> **B. The Bankruptcy Court Properly Dismissed the Complaint Because Cunningham Failed to State a Claim for Relief.**

Other than superficial and conclusory statements, Cunningham's Opening Brief makes no substantive argument that the Bankruptcy Court erred in concluding that, as a matter of substantive law, the Complaint failed to allege facts sufficient to state a claim for relief.  Thus, any challenge to the Bankruptcy Court's holding that Cunningham failed to allege facts sufficient to state a claim for relief has been waived.  *Smith*, 194 F.3d at 1052 ("on appeal, arguments not raised by a party in its opening brief are deemed waived"); *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1046 n.7 (9th Cir. 1999).  However, despite this waiver, the Court will examine on the merits the Bankruptcy Court's decision that Cunningham failed to state a claim for relief.

> **1. Cunningham Failed to State a Claim for Declaratory Relief Regarding the Authority to Initiate Non-Judicial Foreclosure of the Deeds of Trust Securing her Loans.**

California Civil Code Section 2924(a)(1) permits "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" to initiate non-judicial foreclosure proceedings.  Thus, the JPMorgan Defendants need not be the beneficial owners of Cunningham's loans in order to have the ability to initiate non-judicial foreclosure proceedings.  *See* Cal. Civ. Code § 2924(a)(1) (non-judicial foreclosure may be commenced by any one of "the trustee, mortgagee, or beneficiary, or any of their authorized agents"); *see also, Debrunner v. Deutsche Bank National Trust Co.*, 204 Cal. App. 4th 433, 440-442 (2012) (foreclosing beneficiary cannot be compelled to produce the secured promissory note or otherwise prove that it holds the note to nonjudicially foreclose).  In this case, a notice of default was recorded by California Reconveyance, the trustee under Cunningham's deeds of trust.  Therefore, the foreclosure proceedings were commenced by a party authorized to do so by statute and Cunningham's declaratory relief claim fails.

In addition, in *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149 (2011), the Court of Appeal emphatically rejected the use of declaratory relief claims to challenge non-judicial foreclosure proceedings.  Holding that Cal. Civ. Code §§ 2924-2924k set forth a comprehensive

framework for the regulation of non-judicial foreclosure proceedings, *Gomes* determined that the trustor under a deed of trust is not permitted to inject the courts into non-judicial foreclosure proceedings by challenging the authority of the foreclosing trustee to act through declaratory relief claims. *Id*. at 1154-55; *Robinson v. Countrywide*, 199 Cal. App. 4th 42, 46 (2011); *Jenkins v. JPMorgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 508-515 (2013). Therefore, the Bankruptcy Court properly dismissed Cunningham's claims for relief based upon Cunningham's challenges to the JPMorgan Defendants' right to initiate non-judicial foreclosure proceedings. *See Gomes*, 192 Cal. App. 4th at 1154.

### 2. The Purchase and Assumption Agreement Transferred the Beneficial Interest in Cunningham's Loans to JPMorgan.

Numerous courts have recognized that, pursuant to the Purchase and Assumption Agreement dated September 25, 2008, and attached to the Complaint as Exhibit A, the FDIC validly transferred to JPMorgan "all right, title, and interest of the Receiver in and to all of the assets" of WAMU. *See Heflebower v. JPMorgan Chase Bank, NA*, 2013 WL 5476806 (E.D. Cal. Sept. 30, 2013); *Lopez v. Washington Mut. Bank, F.A.*, 2010 WL 2629039 (E.D. Cal. June 25, 2010); *Lomely v. JP Morgan Chase Bank, N.A.*, 2012 WL 4123403 (N.D. Cal. Sept. 17, 2012); *Eng v. Dimon*, 2012 WL 3659600 (N.D. Cal. Aug. 24, 2012). In other words, JPMorgan purchased all of WaMu's loans, including the right to enforce the security interests.

In this case, Cunningham admits that she borrowed money from WaMu and signed notes evidencing her debt. Cunningham further admits that the notes for $250,000.00 and $676,000.00 were secured by deeds of trust encumbering her Property. On September 25, 2008, the notes and deeds of trusts were sold to JPMorgan pursuant to the Purchase and Assumption Agreement. Thus, JPMorgan became entitled to enforce the notes and, by operation of law, the deeds of trust. *See* Cal. Comm. Code § 9203(g); Cal. Civ. Code § 2936 ("The assignment of a debt secured by a mortgage carries with it the security"); *Cockerell v. Title Ins. & Trust Co.*, 42 Cal. 2d 284, 291 (1954) (the assignment of a promissory note also transfers the security). Therefore, Cunningham's challenge to JPMorgan's right to enforce the deeds of trust fails as a matter of law.

### 3. California Law Does Not Require That an Assignment of a Deed of Trust be Recorded.

Cunningham argued that, upon execution of the Purchase and Assumption Agreement, the JPMorgan Defendants were required to record an assignment of the deeds of trust and that their failure to do so rendered the deeds of trust unenforceable under California Civil Code Section 2932.5. However, several California courts have held that California Civil Code section 2932.5 does not apply to deeds of trust. See, e.g., *Herrera v. Federal Nat. Mortgage Assoc.*, 205 Cal. App. 4th 1495, 1509-1511 (2012); *Haynes v. EMC Mortgage Corp.*, 205 Cal. App. 4th 329 (2012); *Calvo v. HSBC Bank USA, N.A.*, 199 Cal. App. 4th 118 (2011); *Jenkins*, 216 Cal. App. 4th at 517-519 ("It is well settled California law that this distinction [between mortgages and deeds of trust] makes the provisions of Section 2932.5 inapplicable to deeds of trust"); *see also Roque v. SunTrust Mortgage, Inc.*, 2010 WL 546896 (N.D. Cal. Feb. 10, 2010) ("Section 2932.5 applies to mortgages, not deeds of trust. It applies only to mortgages that give a power of sale to the creditor, not to deeds of trust which grant a power of sale to the trustee"); *Parcray v. Shea Mortgage, Inc.*, 2010 WL 1659369 (E.D. Cal. Apr. 23, 2010) ("There is no requirement under

California law for an assignment to be recorded in order for an assignee beneficiary to foreclose"). Thus, contrary to Cunningham's contentions, California law does not require that assignments of deeds of trust be recorded in order to be enforceable. See Cal. Civ. Code § 2934.

Accordingly, the Bankruptcy Court properly dismissed Cunningham's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim of relief.

### C. The Bankruptcy Court Properly Dismissed the Complaint Because Cunningham Was Judicially Estopped from Pursuing the Claims for Relief Asserted in the Complaint.

The Bankruptcy Court properly dismissed the Complaint based on the doctrine of judicial estoppel due to Cunningham's failure to disclose the claims asserted in the Complaint in her bankruptcy schedules. Section 541(a) provides that "the commencement of a case under section 301, 302, or 303 of this title creates an estate. Such an estate is comprised of all the following property, wherever located and by whomever held: (1) . . . all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a); see also Cusano, 264 F.3d at 945-946 (holding that assets of an appellant's bankruptcy estate include prepetition causes of action); Vertkin v. Wells Fargo Home Mortg., 2010 WL 3619798 (N.D. Cal. Sept. 9, 2010) (holding that property of bankruptcy estate included claims of wrongful foreclosure).

A Chapter 7 bankruptcy estate is administered by a trustee, who is obligated to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704. Subject to certain exemptions, a "trustee in bankruptcy succeeds to all causes of action held by a debtor at the time a bankruptcy petition is filed." In re Degenaars, 261 B.R. 316, 319 (Bankr. M.D. Fla. 2001). In order to enable the trustee to identify the property of the estate under her control, Bankruptcy Code section 521(a)(1)(B)((I) requires the debtor to file schedules of the debtor's assets and liabilities. "The debtor has a duty to prepare schedules carefully, completely, and accurately." Cusano, 264 F.3d at 946; see also In re Coombs, 193 B.R. 557 (Bankr. S.D. Cal. 1996).

In this case, it is undisputed that Cunningham failed to disclose the existence of her affirmative claims on her schedules until forced to do so by the Bankruptcy Court's January 29, 2014 ruling that she was judicially estopped from asserting those claims because of her failure to disclose them. Although Cunningham argues that her failure to disclose those claims was inadvertent, and, thus, the doctrine of judicial estoppel should not apply, the Court disagrees. Given the timing of Cunningham's amendment to her schedules and Cunningham's failure to provide the Bankruptcy Court with a declaration explaining her initial error, no reasonable fact finder at the time the Bankruptcy Court entered its orders on the Motion to Dismiss and the Motion for Reconsideration could have concluded that Cunningham's failure to include her claims on her schedules was caused by mistake or inadvertence. Dzakula v. McHugh, 737 F.3d 633 (9th Cir. 2013) ("On the present record, however, particularly in light of the timing of Appellant's amendment [after Defendant filed a motion to dismiss] and her choice not to file a declaration explaining her initial error, no reasonable fact finder could conclude that the omission was inadvertent or mistaken."). Accordingly, the Court concludes that the Bankruptcy Court properly dismissed Cunningham's Complaint based on the doctrine of judicial estoppel.

### D. The Bankruptcy Court Properly Denied Leave to Amend the Complaint.

Cunningham contends that the Bankruptcy Court abused its discretion by dismissing her Complaint without leave to amend, and then by denying the Motion for Reconsideration. However, an abuse of discretion occurs when a court "misapprehend[s] the law with respect to the underlying issues in the litigation," or "rests its conclusions on clearly erroneous findings of fact." *Chalk v. United States Dist. Court*, 840 F.2d 701, 704 (9th Cir. 1988); *see also Screen Capital Int'l Corp. v. Library Asset Acquisition Co.*, 510 B.R. 248, 254 (C.D. Cal. 2014). Where amendment would be futile, leave to amend should not be granted. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

In this case, none of the defects that led the Bankruptcy Court to grant the Motion to Dismiss - and deny the subsequent Motion for Reconsideration - can be cured by amendment. For example, Cunningham cannot plead around the prohibition in *Gomes* precluding a challenge to non-judicial foreclosure proceedings. Cunningham also cannot plead around the fact that Section 522(h) does not provide her with standing to avoid the transfer of her deeds of trust from the original lender to JPMorgan. In addition, Cunningham cannot plead around the fact that the transfers of her notes and deeds of trust from her original lender to JPMorgan was a transfer of the original lender's property, not hers. Furthermore, Cunningham cannot plead around the fact that she failed to disclose her claims in her bankruptcy schedules until forced to do so by the Bankruptcy Court's January 29, 2014 ruling. Finally, Cunningham cannot plead around the fact that the claims that she seeks to assert are the property of her bankruptcy estate that can only be asserted by the Chapter 7 trustee. As a result, the Bankruptcy Court did not abuse its discretion when it granted the Motion to Dismiss without leave to amend and denied the Motion for Reconsideration.

### V. Conclusion

For all the foregoing reasons, the Bankruptcy Court's February 3, 2014 Order Dismissing Adversary Proceeding and the Bankruptcy Court's March 10, 2104 Order Denying with Prejudice Plaintiff's Motion for Reconsideration of Ruling/Order Dismissing Complaint Without Leave to Amend are **AFFIRMED**.

IT IS SO ORDERED.